IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DANA EDELIN, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 21-166 (MN) |
| CENTURION MEDICAL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Michael Dana Edelin, Pro Se Plaintiff.

Scott G. Wilcox, Esquire, Moore & Rutt, PA, Wilmington, Delaware. Counsel for Defendant.

August 4, 2022
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE**

Plaintiff Michael Dana Edelin ("Plaintiff" or "Edelin"), an inmate at James T. Vaughn Correctional Center, commenced this action on February 8, 2021. (D.I. 3). At the time, he was a pretrial detainee at Howard R. Young Correctional Institution. Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis. (D.I. 5). Presently before this Court is Defendant's motion for summary judgment. (D.I. 12).

I.  **BACKGROUND**

Plaintiff alleges that from April 2020 to the date the Complaint was filed, he received inadequate medical care in violation of the Eighth Amendment of the United States Constitution.[1] (D.I. 3 at 5). Plaintiff is a Type I diabetic. (*Id.*). He alleges that he was denied prescribed medication to save Defendant money; he was denied chronic care visits to discuss his medications, lab results and physical exams; he was denied eye exams; he was denied insulin on several occasions because the nurse never showed; and his insulin was changed to a different brand without his consultation as a cost savings measure. (*Id.* at 2-3). The Complaint alleges that the grievance procedure is complete. (*Id.* at 8). Plaintiff seeks compensatory damages. (*Id.*).

Plaintiff's medical records indicate during the relevant time-frame, he was seen by medical staff on May 18, 2020, May 20, 2020, November 6, 2020, September 3, 2020, and January 14, 2021. (D.I. 12-1 at 2, 24, 36, 58). He was placed on a diabetic diet, received medications, and underwent testing. (*Id.* at 5, 7, 17, 24, 34, 51, 58, 64). On August 31, 2020, Plaintiff submitted a

---

[1] The Fourteenth Amendment, not the Eighth Amendment, applies to Plaintiff's claims. As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment affords Plaintiff protection for his medical needs claim. *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different standard than that set forth in *Estelle v. Gamble*, 429 U.S. (1976); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

sick-call clip for bloodwork and was triaged the next day. (*Id.* at 77). On December 6, 2020, he requested renewal of all his medications. (*Id.* at 78). The records indicate that Plaintiff refused insulin on May 2, 2020, October 21, 2020, and January 12, 2021, and refused a sick call on March 25, 2020. (*Id.* at 73-76).

Defendant seeks summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act and there is no evidence to support a medical needs claim against Defendant.

## II.  **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, this Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party, and a factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-49 (1986).

The nonmoving party bears the burden to establish the existence of each element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In doing so, the non-moving party must present specific evidence from which a reasonable fact finder could conclude in his favor. *Anderson*, 477 U.S. at 248; *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Summary judgment should be granted if no reasonable trier of fact could find for the non-moving party. *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989).

**III. DISCUSSION**

When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale*, 318 F.3d at 584 (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of Defendant's employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584 (citations omitted). "'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. at 1132 (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

There is no record evidence of a policy or custom maintained by Defendant that violated Plaintiff's constitutional rights nor does Plaintiff provide evidence of one. Although Plaintiff

3

alleges that he is now being administered a different type of insulin as a cost-savings measure, there is no record evidence that Plaintiff was harmed as a result of the change. It is well-settled that a "mere disagreement as to the proper medical treatment," is insufficient to state a plausible constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quotation marks omitted); *see also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.") (quotation marks omitted). Finally, Plaintiff's medical records indicate that he receives medical care and do not support a claim of deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. at 104 (prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment.").

No reasonable jury could find for Plaintiff on the claims he raises. Therefore, this Court will grant Defendant's motion for summary judgment.[2]

## IV.    CONCLUSION

For the above reasons, this Court will grant Defendant's motion for summary judgment (D.I. 12).

An appropriate order will be entered.

---

[2] The Court does not address the issue of exhaustion as summary judgment is appropriate on other grounds.